## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

COCHISE MILES
ADC #119012                                                          PETITIONER


VS.                              4:06CV00862 WRW/JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                   RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Background

On October 25, 2000, Petitioner, Cochise Miles, was convicted of capital murder and two counts of aggravated robbery in Pulaski County Circuit Court.  (Docket entry #1 at 3.)  He was sentenced to life imprisonment, without the possibility of parole, for the capital murder conviction and received a consecutive 30-year sentence for the aggravated robberies.

Petitioner appealed to the Arkansas Supreme Court where he argued that: (1) the evidence was insufficient to support his convictions; (2) the trial court erred in refusing to strike a juror for cause; (3) the State's contradictory factual theories denied him due process and a fair trial; (4) post-trial juror interviews suggested that the jury improperly considered the evidence and instructions; and (5) Rule 606(b) of the Arkansas Rules of Evidence, governing the scope of inquiry into a jury verdict, was unconstitutional.  *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002).  On October 3, 2002, the Court affirmed, holding that Petitioner's arguments either failed on the merits or were not

2

preserved for appellate review.  *Id.*

Petitioner filed a Petition for Rule 37 relief on December 20, 2002, and an Amended Petition on August 19, 2004, arguing that he was denied his right to a fair trial.  He also raised numerous ineffective assistance of counsel claims.[1]  (Docket entry #8, Exs. A & B.)  On March 31, 2005, the Pulaski County Circuit Court entered an Order denying Petitioner Rule 37 relief.  (Docket entry #5 at 5.)

Petitioner then lodged an appeal from the denial of Rule 37 relief with the Arkansas Supreme Court.  In response to Petitioner's appellate brief, the State moved to dismiss Petitioner's appeal on the ground that, because Petitioner did not verify his Rule 37 Petition, the trial court lacked jurisdiction to consider his claims.[2]  (Docket entry #5 at 5.)  On October 5, 2005, the Court issued a Mandate granting the State's Motion to Dismiss.  (Docket entry #5, Ex. C.)

On July 26, 2006, Petitioner initiated this federal habeas action.  (Docket entry #1.)  In his Petition he argues that: (1) he was denied his right to a fair trial due to the seating of a biased juror; (2) counsel was ineffective for failing to move to suppress a victim identification;  (3) counsel was ineffective for failing to utilize an expert in the field of eyewitness identification; (4) counsel was ineffective for failing to produce an appellate record sufficient for review of the "switched theories"

---

[1]Petitioner's Rule 37 Petition and Amended Petition were signed and verified by Petitioner's Rule 37 lawyer, *not* by Petitioner.  (Docket entry #8, Exs. A and B.)  However, one exhibit attached to the Amended Rule 37 Petition was an affidavit executed by Petitioner in which he stated that, while awaiting his trial, he had altercations with a jailer, who was purportedly the spouse of one of the jurors who was later seated at his trial.  (Docket entry #8, Ex. B.)

[2]Respondent has not submitted the State's Motion to Dismiss Appeal as part of the record in this case.  However, Petitioner does not dispute that Respondent requested dismissal of his Rule 37 appeal based on the lack of verification of the Petition.

argument on direct appeal; (5) counsel was ineffective in failing to challenge the seating of a biased juror; and (6) the evidence was insufficient to support his conviction for capital felony murder. (Docket entry #1.) Respondent argues that the Petition should be dismissed because it is barred by the statute of limitations. (Docket entry #5.)

For the reasons discussed below, the Court concludes that Respondent's statute of limitations defense has merit, and recommends that this case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A), "is triggered. . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

The "allotted time" for filing a petition for the writ of certiorari is ninety days. Thus, after the Arkansas Supreme Court handed down its decision in Petitioner's direct appeal, on October 3, 2002, Petitioner had until January 1, 2003, to petition the United States Supreme Court for certiorari. Because Petitioner did not do so, his conviction became "final," for purposes of the AEDPA, on January 1, 2003. This, in turn, triggered the running of the 1-year statute of limitations.

The Petition in this case was filed on July 26, 2006, over 2 ½ years beyond the expiration of the limitations period. Thus, the Court concludes that the Petition is barred by the AEDPA's

limitations period.

### A.    Statutory Tolling

The AEDPA also provides, however, that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. 2244(d)(2). Respondent argues that Petitioner's Rule 37 Petition, which was *unverified*, was not "properly filed" because the Arkansas Supreme Court ultimately dismissed the Petition for lack of jurisdiction. Petitioner contends that, because the trial court considered and rejected his Rule 37 Petition on the merits, the Arkansas Supreme Court has selectively and retroactively enforced the verification requirement.   Thus, Petitioner asserts that his post-conviction petition was "properly filed" for purposes of statutory tolling.

Petitioner's argument is foreclosed by *Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006). In that case, the federal habeas petitioner argued that, even though the Arkansas Supreme Court had dismissed his Rule 37 appeal because no verified petition was filed within the Rule 37 deadline, the Rule 37 Petition should still be deemed "properly filed" for purposes of statutory tolling. The Eighth Circuit traced the relevant United States Supreme Court cases from *Artuz v. Bennett*, 531 U.S. 4, 5 (2000) (postconviction application in "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings), through *Carey v. Saffold*, 536 U.S. 214, 217 (2002) (suggesting that if the state court determines postconviction petition did not comply with the state's timeliness requirements, the petition would not invoke statutory tolling under § 2244(d)(2)), and finally *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ("What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"). *Walker*, 436 F.3d at  1030-31.

Relying on *Pace*, the Eighth Circuit held that "[b]ecause the Arkansas Supreme Court affirmed and found [the unverified Rule 37] petition invalid, 'that is the end of the matter'" for purposes of statutory tolling under § 2244(d)(2). *Walker*, 436 F.3d at 1032 (*quoting Pace*, 125 S. Ct. at 1811). The Court also rejected arguments, almost identical to those made by the Petitioner in this case, that tolling was warranted because the verification requirement: (1) was not firmly established at the time he filed his Rule 37 petition; (2) had not been followed regularly or applied consistently; (3) did not provide guidance as to what constitutes a properly verified petition; and (4) did not provide reasonable notice that notarization of the petition was jurisdictionally required. *See Walker*, 436 F.3d at 1031-32.

The Court concludes that the holding in *Walker* is controlling in this case. Because the Arkansas Supreme Court dismissed Petitioner's Rule 37 appeal, based on his failure to verify his post-conviction petition, it was not "properly filed" for purposes of § 2244(d)(2). *See Washington v. Norris*, 2007 WL 2904123, E.D. Ark. No. 5:06CV00274 WRW/HLJ (where Arkansas Supreme Court dismissed Rule 37 appeal based on lack of verification *Walker* controlled and Rule 37 petition was not "properly filed" for tolling purposes). Thus, statutory tolling is not applicable.

### B.    Equitable Tolling

Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is

proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

In support of his equitable tolling argument, Petitioner relies on his earlier contentions that he has diligently pursued his postconviction rights; points out the trial court denied postconviction relief on the merits; and contends the Arkansas Supreme Court has selectively and retroactively enforced the verification rule.

At the time Petitioner filed his Rule 37 Petition in December of 2002, the applicable version of Rule 37.1 of the Arkansas Rules of Criminal procedure provided that a petitioner "may file a verified petition in the court which imposed the sentence, praying that the sentence be vacated or corrected." *See* Ark. R. Crim. P. 37.1(d) (2002).[3]  Under that version of Rule 37.1, the Arkansas Supreme Court had long held that a motion for post-conviction relief must be verified by a petitioner as a prerequisite for jurisdiction, "a  requirement of substantive importance to prevent perjury." *See Carey v. State*, 268 Ark. 332, 333, 596 S.W.2d 688, 689 (1980); *see also Knappenberger v. State,* 278 Ark. 382, 384, 647 S.W.2d 417, 418 (1983) ("Rule 37.1 requires that a motion for postconviction relief must be verified")

Finally, in *Boyle v. State*, 362 Ark. 248, 250-51, 208 S.W.3d 134, 136 (2005) (*per curiam*), a petitioner filed a Rule 37 petition that was verified only by his attorney.  The trial court dismissed the petition based on lack of verification by the petitioner.  In affirming the dismissal of the Rule 37

---

[3]The current version of Rule 37, effective March 1, 2006, specifies a form affidavit that the verification must substantially follow, *see* Ark. R. Crim. P. 37.1(c) (2007), and expressly states that a "circuit court or any appellate court shall dismiss any petition that fails to comply with subsection (c)."  Ark. R. Crim. P. 37.1(d).

Petition, the Court reiterated that the verification requirement "is of substantive importance to prevent perjury," and "that, in order for that purpose to be served, the petitioner must execute the verification, and if the petitioner is represented by counsel, counsel may not sign and verify the petition for him." *Accord*: *Ratchford v. State*, 2006 WL 1032377 (Ark. 2006) (unpublished *per curiam*) ("Explicitly in *Boyle* and implicitly in prior rulings, this court has recognized that an attorney may not sign a Rule 37.1 verification on behalf of his client even when the petitioner affirmatively authorizes his counsel to do so."); *Morris v. State*, 365 Ark. 217, 226 S.W.3d 790 (2006) (dismissing Rule 37 appeal for lack of verification despite trial court's disposition of the Rule 37 Petition on the merits).[4]   Thus, the Court concludes that Petitioner has not met his burden of establishing equitable tolling.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  (docket entry #1) be DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 28th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4]Petitioner argues that the Arkansas Supreme Court continues to inconsistently apply the verification requirement, citing *Howard v. State*, 366 Ark. 453, 236 S.W.3d 508 (2006) *(per curiam)*, where the Court remanded a case involving an unverified Rule 37 petition so that the petition could be properly verified.  *Howard* is inapplicable here because the petitioner in that case was sentenced to death, and the Court specifically held that due to the "unique punishment," it should relax its adherence to the strict language of Rule 37.1.  *See Howard*, 366 Ark. at 454-455, 236 S.W.3d at 508-09.